OPINION
{¶ 1} Rondal Adkins is appealing from the sentencing decision of the trial court that imposed the maximum sentence of ten years for each of the fifteen counts of rape that Adkins had pled guilty to, with all counts to run concurrently. He had been indicted for thirty counts of rape, three of them being the rape of a child under the age of thirteen with force, and twenty-seven further counts of rape of the same child, his daughter, over a period of fourteen months. He pled guilty to fifteen counts and the rest were dismissed. The record shows that when he entered his guilty plea he understood that he could be sentenced to a maximum of 150 years incarceration; ten years maximum for each count.
 {¶ 2} On appeal, Adkins' counsel assigns as error only that the trial court erred in imposing the maximum sentence for the offense of rape, on two separate grounds; first that the imposition of the maximum sentence in this case must be made by a jury and not by the trial court, citing Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147, L.Ed.2d 435 and, second, that the trial court did not state on the record its reasons for finding that the shortest prison term in this case would demean the seriousness of the offense and that Adkins had committed the worse form of the offense, citing State v. Edmonson (1999),86 Ohio St.3d 24.
 I. {¶ 3} As to the first argument, this court, as pointed out by the appellee, has already dealt with the issue of the applicability ofApprendi, which requires a jury to make the finding of the existence of a fact that permits imposition of a sentence longer than the prescribed statutory maximum. We found Apprendi to be not applicable where the court is not imposing a sentence beyond the "prescribed statutory maximum when the court is imposing precisely the statutory maximum." State v. Brown,
Montgomery App. No. 18643, 2002-Ohio-277, which decision was explicitly followed by this court in State v. Robinson, Montgomery App. No. 18870,2002-Ohio-548. Thus, the first argument for the assignment of error has no merit and we again explicitly follow Brown and Robinson.
 II. {¶ 4} The second argument, however, does have merit. In Edmonson,supra, the Ohio Supreme Court held that when a trial court imposes the maximum sentence on any single offense, it must not only make the statutory finding "that the defendant has committed the worst form of this offense" (R.C. 2929.14(C), but must go further and state on the record its reasons for making the necessary findings. R.C.2929.19(B)(2)(d). In this case, although the trial court did make the necessary findings, it nowhere stated on the record its particularized reasons for making such findings. We can certainly infer good reasons from the record since Adkins was engaged in the horrific conduct of forcibly raping his young daughter repeatedly over a long period of time, but the law requires the trial court to state its reasons and these do not appear in the record before us.
 {¶ 5} The assignment of error is sustained as to the second argument based upon Edmonson. The sentence is reversed and vacated, and the case is hereby remanded to the trial court for resentencing.
BROGAN, J. and GRADY, J., concur.